IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


ROY SHATWELL                                                          PLAINTIFF


v.                                              CIVIL NO. 25-3058


FRANK BISIGNANO, Commissioner
Social Security Administration                                        DEFENDANT


### MEMORANDUM OPINION

Plaintiff, Roy Shatwell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on February 10, 2022, alleging an inability to work since May 1, 2017, due to degenerative disc disease, spinal stenosis, collapsed discs, bone spurs in the neck, and lung damage. (Tr. 72, 92, 228, 235). For DIB purposes, Plaintiff maintained insured status through September 30, 2019. (Tr. 14, 243). An administrative telephonic hearing was held on June 13, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 35-71).

By written decision dated September 3, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16).

Specifically, the ALJ found Plaintiff had the following severe impairments: cervical, thoracic and lumbar spinal stenosis; asthma; and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 18).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except this individual can occasionally lift 20lbs, frequently 10lbs. With normal breaks, this individual can sit for a total of 6/9 and stand/walk for a total of 6/8. In terms of postural limitations, this individual can never climb ladders, ropes or scaffolds, but can occasionally climb ramps and stairs, balance, kneel, stoop, crouch and crawl. This individual can occasionally reach overhead and frequently handle and finger with the bilateral upper extremities. In terms of environmental limitations, this individual must avoid more than occasional exposure to extreme cold, heat, and atmospheric conditions such as fumes, odors, dusts, gases, and poorly ventilated areas.

(Tr. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a residence supervisor, as well as other work as merchandise marker, a router, and a cafeteria attendant. (Tr. 26-27, 368-372).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on July 25, 2025. (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6).  Both parties have filed appeal briefs, and the case is now ready for decision.  (ECF Nos. 10, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issue on appeal: 1) Whether the ALJ properly evaluated Plaintiff's past work at Step Four; and 2) Whether the ALJ relied on erroneous vocational expert testimony at Step Five. (ECF No. 10). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 12).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the treating, examining and non-examining agency medical consultants, Plaintiff's subjective complaints, his medical records. Plaintiff did not raise the ALJ's RFC determination on appeal. After review of the record as a whole, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing his past relevant work as a residence

supervisor, and other work as a merchandise marker, a router, and a cafeteria attendant. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 14th day of April 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4